## MARVIN BEASLEY *v.* COMMISSIONER OF CORRECTION

The petitioner Marvin Beasley's petition for certification for appeal from the Appellate Court, 50 Conn. App. 421 (AC 17295), is granted, limited to the following issues:

"1. Whether a department of correction administrative directive is an ex post facto law when applied to an inmate so as to make him ineligible to earn statutory good time reductions in his sentence that he had previously been eligible to earn under General Statutes § 18-7a (c)?

"2. Whether the respondent violated General Statutes § 18-7a (c) by denying the petitioner monthly good time credits from March 23, 1995, to August 8, 1996, without first holding a hearing to determine whether in each given month the petitioner had earned good time credits by good conduct and obedience to the rules established for the service of his sentence?

"3. Whether the respondent has the statutory authority to adopt and enforce an administrative rule that declares an inmate in administrative segregation categorically ineligible to earn statutory good time credits that would otherwise apply to the service of his sentence under General Statutes § 18-7a (c)?

"4. Whether the respondent denied the petitioner due process of law by holding him categorically ineligible to earn good time credits as long as he was kept in administrative segregation even though he failed to give the petitioner notice of the ineligibility rule before the

'classification hearing' that resulted in the petitioner's placement in administrative segregation and the petitioner had previously been ordered to forfeit 320 days good time after a 'disciplinary hearing' concerned with the same misconduct that later served as the basis for his reclassification?"

The Supreme Court docket number is SC 16054.

*Timothy H. Everett*, in support of the petition.

*Gregory T. D'Auria*, assistant attorney general, in opposition.

Decided December 21, 1998