ERNEST FRANCIS *v.* COMMISSIONER OF
CORRECTION
(AC 18029)

Schaller, Hennessy and Kulawiz, Js.

Argued December 1, 1998—officially released January 5, 1999

*Ernest Francis*, pro se, the appellant (petitioner).

*Ann E. Lynch,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus and denying his request for certification of appeal to this court. The petitioner claims on appeal that the trial court improperly determined that the department of correction's Administrative Directive 9.5 does not violate the ex post facto clause of article one, § 10, of the United States constitution.[1] We do not agree.

The petitioner is an inmate sentenced to the custody the commissioner of correction pursuant to a mittimus issued on April 15, 1992.[2] He received a disciplinary report in 1993 resulting in the loss of sixty days of statutory good time. The petitioner challenges the change in the directive pertaining to applications for restoration of good time. Under the current directive, an inmate is not eligible for restoration of previously lost good time unless he has been free of class A disciplinary reports for five years. Under the previous version of the directive, an inmate was eligible to apply if he was free of class A disciplinary reports for one year.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v.

---

[1] The constitution of the United States, article one, § 10, provides in relevant part: "No State shall . . . pass any . . . ex post facto Law . . . ."

[2] The petitioner was sentenced to fifty years for one count of murder in violation of General Statutes § 53a-54a (a).

*Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). After a thorough review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal the dismissal of his habeas corpus petition was a clear abuse of discretion or that an injustice was done. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 612; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [*Simms* v. *Warden*, supra, 230 Conn. 616], quoting *Lozada* v. *Deeds*, [supra, 498 U.S 432]." (Emphasis in original; internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 816, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996).

The habeas court concluded that the petitioner had no liberty interest in the restoration of previously forfeited good time credits, noting that the decision to restore such credits is entirely within the discretion of the commissioner. *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 19 n.3, 644 A.2d 874 (1994). The habeas court determined, accordingly, that the petitioner's interest in restoration of good time credits was too attenuated to create a liberty interest under *Abed* v. *Commissioner*, 43 Conn. App. 176, 182, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996). The

habeas court further determined that the ex post facto clause relates to crimes only, and does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency. See id., 183.

We conclude that the habeas court properly determined, under the authority of *Abed* v. *Commissioner*, supra, 43 Conn. App. 176, that the petitioner has no liberty interest in the restoration of previously forfeited good time credits and that, in any event, the adoption of the regulation in question does not violate the ex post facto clause of the United States constitution. Id. Having failed to raise a legally cognizable claim upon which relief may be granted, the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, supra, 229 Conn. 189; *Milardo* v. *Commissioner of Correction*, 41 Conn. App. 749, 677 A.2d 24, cert. denied, 239 Conn. 907, 682 A.2d 1004 (1996); *Walker* v. *Commissioner of Correction*, supra, 38 Conn. App. 100.

The appeal is dismissed.