## MARVIN BEASLEY *v.* COMMISSIONER OF CORRECTION
### (SC 16054)

## JOHN W. NARDUCCI, JR. *v.* COMMISSIONER OF CORRECTION
### (SC 16053)

Borden, Berdon, Katz, McDonald and Peters, Js.

Argued June 4—officially released July 13, 1999

*Timothy H. Everett,* with whom, on the brief, were *Audrey Felsen, Jason Marsh* and *G. Adam Schweickert,* legal interns, for the appellants (petitioners).

*Gregory T. D'Auria,* assistant attorney general, with whom were *Steven R. Strom,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. In these two certified appeals, the petitioners, Marvin Beasley and John W. Narducci, Jr., raise several constitutional and statutory challenges to the action of the respondent, the commissioner of correction (commissioner), denying them the opportunity

to earn good time by virtue of being classified in administrative segregation. The commissioner's action was taken under an administrative directive that he had adopted pursuant to General Statutes (Rev. to 1993) § 18-7a (c)[1] and General Statutes § 18-81.[2] The petitioners filed separate habeas corpus petitions, which the

[1] At the time the administrative directive was adopted, General Statutes (Rev. to 1993) § 18-7a (c) provided: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

During the pendency of the petitioners' appeals, § 18-7a was amended effective October 1, 1997, and the following sentence was added to the end of subsection (c): "In the event a prisoner has not yet earned sufficient good time to satisfy the good time loss, such lost good time shall be deducted from any good time earned in the future by such prisoner." Public Acts 1997, No. 97-169.

[2] General Statutes § 18-81 provides: "The Commissioner of Correction shall administer, coordinate and control the operations of the department and shall be responsible for the overall supervision and direction of all institutions, facilities and activities of the department. He shall establish rules for the administrative practices and custodial and rehabilitative methods of said institutions and facilities in accordance with recognized correctional standards. He shall establish, develop and maintain noninstitutional, community-based service programs. He shall be responsible for establishing disciplinary, diagnostic, classification, treatment, vocational and academic education, research and statistics, training and development services and programs throughout the department. Subject to the provisions of chapter 67, the commissioner shall appoint such professional, technical and other personnel as may be necessary for the efficient operation of the department. The commissioner shall organize and operate interinstitutional programs for the development and training of institution and facility staffs. He shall provide for the services of such chaplains as are necessary to minister to the needs of the inmates of department institutions and facilities. He shall, within available appropriations for such purpose, arrange for provision of legal assistance of a civil nature to indigent inmates of department institutions and facilities and legal representation for such inmates before administrative boards where permitted or constitutionally required."

trial court consolidated for trial and then dismissed on their merits. Upon the granting of certification to appeal, the Appellate Court consolidated the appeals, and affirmed the judgments of the trial court. *Beasley* v. *Commissioner of Correction*, 50 Conn. App. 421, 718 A.2d 487 (1998). We then granted certification to appeal from the judgment of the Appellate Court,[3] and these appeals followed.

[3] In *Beasley* v. *Commissioner of Correction*, 247 Conn. 949, 949–50, 723 A.2d 325 (1998), we granted certification to appeal limited to the following issues: "1. Whether a department of correction administrative directive is an ex post facto law when applied to an inmate so as to make him ineligible to earn statutory good time reductions in his sentence that he had previously been eligible to earn under General Statutes [Rev. to 1993] § 18-7a (c)?

"2. Whether the respondent violated General Statutes [Rev. to 1993] § 18-7a (c) by denying the petitioner monthly good time credits from March 23, 1995, to August 8, 1996, without first holding a hearing to determine whether in each given month the petitioner had earned good time credits by good conduct and obedience to the rules established for the service of his sentence?

"3. Whether the respondent has the statutory authority to adopt and enforce an administrative rule that declares an inmate in administrative segregation categorically ineligible to earn statutory good time credits that would otherwise apply to the service of his sentence under General Statutes [Rev. to 1993] § 18-7a (c)?

"4. Whether the respondent denied the petitioner due process of law by holding him categorically ineligible to earn good time credits as long as he was kept in administrative segregation even though he failed to give the petitioner notice of the ineligibility rule before the 'classification hearing' that resulted in the petitioner's placement in administrative segregation and the petitioner had previously been ordered to forfeit 320 days good time after a 'disciplinary hearing' concerned with the same misconduct that later served as the basis for his reclassification?"

In *Narducci* v. *Commissioner of Correction*, 247 Conn. 950, 950–51, 723 A.2d 325 (1998), we granted certification to appeal limited to the following issues: "1. Whether a department of correction administrative directive is an ex post facto law when applied to an inmate so as to make him ineligible to earn statutory good time reductions in his sentence that he had previously been eligible to earn under General Statutes [Rev. to 1993] § 18-7a (c)?

"2. Whether the respondent violated General Statutes [Rev. to 1993] § 18-7a (c) by denying the petitioner monthly good time credits beginning in July, 1994, without first holding a hearing to determine whether in each given month the petitioner had earned good time credits by good conduct and obedience to the rules established for the service of his sentence?

On appeal, the petitioners claim that the commissioner's actions: (1) constitute an ex post facto law; (2) are not authorized by § 18-7a (c); (3) violate § 18-7a (c); and (4) deny them due process of law. Our examination of the record, briefs and arguments of the parties persuades us that the judgment of the Appellate Court should be affirmed. The various constitutional and statutory claims of the petitioners properly were resolved in the thoughtful and comprehensive opinion of the Appellate Court. Because that opinion fully states and addresses the arguments raised in the present appeal, we adopt the Appellate Court's well reasoned opinion as a statement of the facts and the applicable law concerning the certified issues. It would serve no useful purpose for us to repeat the discussion contained therein. Cf. *Flint* v. *National Railroad Passenger Corp.*, 238 Conn. 282, 284–85, 679 A.2d 352 (1996); *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995).

The judgment of the Appellate Court is affirmed.

---

"3. Whether the respondent has the statutory authority to adopt and enforce an administrative rule that declares an inmate in administrative segregation categorically ineligible to earn statutory good time credits that would otherwise apply to the service of his sentence under General Statutes [Rev. to 1993] § 18-7a (c)?

"4. Whether the respondent has denied the petitioner due process of law by holding him categorically ineligible to earn good time credits as long as he remains in administrative segregation even though he was placed in administrative segregation following a classification hearing that took place before the respondent adopted the rule that now excludes inmates in administrative segregation from earning good time reductions?"