[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Gary Schrager, an inmate in the Department of Corrections seeks clarifications in the nature of a declaratory judgment with respect to an alleged action of the State Parole Board in informing him on August 11, 1997, that it was "their decision that Mr. Schrager will serve the rest of his life in prison and will not be allowed a future chance for parole sentence."
Claiming that he was given a total effective sentence of twenty years to life on November 24, 1976, Schrager claims that the Parole Board changed his sentence from parole eligible to non-parole eligible, which it was not authorized to do, and seeks in this action against the Parole Board members and the Department of Corrections:
1. "Clarification" from the court that the sentence that Schrager received on November 24, 1976, of twenty years to life is the correct sentence.
2. A finding that the Parole Board acted illegally in changing his sentence from parole eligible to non-parole eligible.
3. An order to the Department of Corrections reinstating the Plaintiffs "level of security" to the level it was prior to his parole hearing:
Plaintiff has attached records of his sentencing in 1976.
On August 18, 1998, the defendants, the Department of Corrections and various members of the Board of Parole filed this motion to strike this complaint in its entirety.
 I
The complaint in this case is essentially one seeking a declaratory judgment. It fails to meet the qualifying requirements of our declaratory judgments rule in Practice Book § 17-55 for "an actual bona fide and substantial question or issue in dispute". It is otherwise insufficient because it fails to state a claim for which relief can be granted by this court.
1. "Confirming a sentence" is a matter of resorting to the court records and is some circumstances to the sentencing judge and does not constitute "an actual bona fide and substantial question or issue in dispute" which can be addressed by this CT Page 10141 court.
2. Nothing in the allegations or accompanying court records indicate that the Parole Board "changed" the sentence of the plaintiff by its statement that he would not be allowed any opportunities to apply for parole in the future.
3. No authority has been cited to support the claim that the Board lacked or exceeded its authority
 II
According to court records filed with this complaint, plaintiff was found guilty of four counts of murder under Public Act 74-186 § 11 and Public Act 73-137, § 2(c) on November 24, 1976 and given a total effective sentence of "not less than twenty (20) years nor more than life".
Plaintiff does not challenge the discretion of the Parole Board to refuse to grant him parole; he challenges the Board's statement that he would not be permitted to apply for parole in the future, because this amounts to "a change in sentence" and a claimed change in his level of security.
The Board's discretion in creating certain classifications of prisoners deemed ineligible for parole is codified in its published "Statement of Organization and Procedures of the Board of Parole (July, 1998).
Section IV A.2 states:
"Exclusions Individuals serving definite sentences for the Crimes of Murder (53a-54a. . . . are not eligible for parole consideration" Section V B. 2 states:
Section V B. 2 states:
"Implicit in the concept of parole is the fact that parole can be denied as well as granted, that periods of imprisonment can be extended as well as shortened."
When parole is denied, the panel will further determine if and when, the inmate may re-apply."
Our statute governing parole, General Statutes § 54-125, CT Page 10142 states that a prisoner "may be allowed to go at large on parole in the discretion of the panel of the board of parole for the institution in which the person is confined" if certain conditions are met.
The Appellate Court has stated "Our statute contains no language providing that an inmate shall be released if the two statutory criteria are met. It vests broad discretion in the judgment of the parole board. The statute does not give an inmate any right to demand or even apply for parole. It does not require that a parole board actually consider any inmate's eligibility for parole, even if he has fulfilled the statute's two requirements." Vincenzo v. Warden, 26 Conn. App. 132, 141, (1991).
Our Supreme Court has held that in denying him parole "[t]here is no statutory requirement that the panel actually consider any inmate for parole, the statute does not vest an inmate with the right to demand parole, and there is no statutory provision which even permits an inmate to apply for parole."Taylor v. Robinson, 171 Conn. 691, 697, (1976).
This court has no power to require the board to entertain an application for parole from the plaintiff in the future. The Board's action in denying him parole and stating that he would not be eligible for parole in the future was well within its legal discretion. It is unnecessary to decide whether such a statement by the Board would be binding on a future board.
Both the Parole Board and the Department of Corrections have broad discretion in classifying prisoners. See Wheway v. Warden,215 Conn. 418, 431 (1990); Santiago v. Commissioner ofCorrections, 39 Conn. App. 674, 686 (1995).
Denial of parole or classification into a category ineligible for parole is not a change in sentence.
Recently, our Supreme Court affirmed and adopted a decision of the Appellate Court, rejecting the argument that the prospective denial of "good time" under new directives by the Commissioner of Corrections increased the punishment of a prisoner already serving a sentence so as to violate the ex post facto clause of the U.S. Constitution. Beasley v. Commissioner ofCorrections, 249 Conn. 499 (1999) affirming Beasley v. Commissioner of Corrections, 50 Conn. App. 421 (1998). CT Page 10143
Motion to strike granted.
Jerry Wagner Judge Trial Referee