[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
The petitioner is presently incarcerated in Wallens Ridge State Prison in Big Stone Gap, Virginia, having been transferred thereto from a Connecticut prison per order of the respondent. Petitioner claims that the Interstate Corrections Compact (ICC) provides that a transferred inmate may not be deprived of any legal rights which said inmate would have had if confined in Connecticut which is the "sending" state. He alleges that he did not have a hearing prior to being sent to Virginia. He is correct that he is entitled in Virginia to the same rights to which he is entitled in Connecticut. However, there is no such right to a hearing in Connecticut. Vincenzo v. Warden, 26 Conn. App. 132, 143
(1991), cites Nash v. Reincke, 156 Conn. 339, 346-47 (1968), "where our Supreme Court held that intrastate transfer of an inmate from one prison to another does not constitute illegal detention so as to warrant release." Further, the United States Supreme Court in Olim v.Wakinekona, 461 U.S. 238 (1983) clearly states that the transfer of a prisoner from one state to another does not deprive him of any liberty interest protected by the Due Process Clause in and of itself. Olim
states as follows, inter alia:
 "Confinement in another state unlike confinement in a mental institution is `within the normal limits or range of custody which the conviction has authorized the state to impose' Meachum, 427 U.S., at 225. n8 Even when, as here, the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits. The difference between such a transfer and an intrastate or interstate transfer of [*248] shorter [**1747] distance is a matter of degree, not of kind, n9 and Meachum instructs that `the determining factor is the nature of the interest involved rather than its weight.' 427 U.S., at 224. The reasoning of Meachum
and Montanye compels the conclusion that an interstate prison transfer, including one from Hawaii to California, does not deprive an inmate of any liberty interest protected by the Due Process Clause in an of itself."
Olim, 461 U.S. at 247-248, 103 S.Ct. at 1746-47.
In Olim, there was a transfer of a prisoner from a state prison in CT Page 9116 Hawaii to one in California, which is obviously a greater distance than from Connecticut to Virginia. There are no state prison regulations in Connecticut requiring a hearing before transfer to another prison in Connecticut; Vincenzo, supra. Olim also holds that even if state prison regulations require a particular kind of hearing before the prison administrator can exercise his unfettered discretion to transfer a prisoner, that does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Olim goes on to say "an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself. Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State so as to implicate the Due Process Clause directly when an intrastate prison transfer is made . . ., he has no justifiable expectation that he will be incarcerated in any particular State."
Further, it is well settled law that prisoners have no constitutionally protected interest or federally protected right in their classification. In Pugliese v. Nelson, 617 F.2d 916, 925 (2d Cir. 1980), the Second Circuit Court of Appeals which covers Connecticut rejected the claim that classification decisions are protected by due process.
The petitioner has no right to a hearing in Connecticut when being transferred from facility to facility. Accordingly, his transfer to Virginia does not give rise to either a constitutional claim or a habeas claim for a hearing.
Further, an inmate has no liberty interest in a particular security classification. Wheway v. Warden, 215 Conn. 418, 430-31 (1990).
Petitioner also claims that his personal property was lost or negligently or intentionally destroyed by prison officials. This is not a proper basis for a habeas petition. The petitioner has an alternative avenue to obtain relief; namely, a claim to the State's Claims Commissioner. The State of Connecticut does provide an adequate remedy for the kind of loss of property the plaintiff sets forth in his habeas petition. See Connecticut General Statute § 4-141, et seq. Since the petitioner has an adequate compensatory remedy under Connecticut State law, he has not been deprived of property without due process of law. Therefore, his claim for property loss under a habeas petition is without merit.
Petitioner also claims that he is entitled to a 7 day job or that the alleged lack of 7 day jobs in Virginia is a basis for his habeas petition. It is well settled law in Connecticut that a petitioner (inmate) does not have a property or liberty interest in a job even though that CT Page 9117 job may provide him with a method to reduce sentence time. Claims relating to loss of work privileges do not implicate liberty interests.Santiago v. Commissioner of Correction., 39 Conn. App. 674, 680 (1995). Also see, Abed v. Commissioner of Correction, 43 Conn. App. 176 (1996) and Beasley v. Commissioner of Correction, 50 Conn. App. 421 (1998).
Finally, in his response to the respondent's Motion to Dismiss, the petitioner claims that he is not allowed to practice his religious beliefs. However, he gives no basis for that. Accordingly, the Court will not review that claim. He also claims that he is without legal counsel or a law library to help him in these legal proceedings. In certain cases, a prisoner does have a right to either a law library or to a public defender. However, this is not one of those cases. The petitioner is not entitled to a public defender on issues of confinement such as loss of property or denial of rights to practice religion. He may be entitled to the services of a public defender or access to a law library if he is charged with a crime or it he claims ineffective assistance of counsel at his trial or plea bargain arrangement or if he claims that there is new evidence that shows that he is factually innocent. However, no such claims are made in this case, and the petitioner is hereby notified that simply making a claim of such is not sufficient for a habeas petition unless specific facts justifying those claims are set forth.
For all of the foregoing reasons, the respondent's Motion to Dismiss the Petition dated April 6, 2000 is granted.
Rittenband, JTR