[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The habeas corpus petition in this case alleges that "jail credit" is improperly being taken from the petitioner and that one-hundred and twenty (120) days have not been properly credited to the petitioner. However, the petitioner's Brief in Support of the Petition for Restoration of Statutory Good Time seeks restoration of one-hundred and nineteen (119) days of good time, as well as an injunction prohibiting the Department of Corrections from taking statutory good time without cause. The petitioner additionally claims that he was entitled to earn statutory good time while in administrative segregation; that his due process rights were violated by the loss of good time without a hearing; that an inmate must receive a disciplinary report prior to the forfeiture of good time; and that the petitioner is being denied a statutory right to earn good time due to the change in regulations, said change occurring three (3) years after the petitioner had his hearing on being classified in administrative segregation.[1]
The petitioner's claims are identical to those in Beasley v.Commissioner of Correction, 50 Conn. App. 421, 718 A.2d 487 (1998), affd., 249 Conn. 499, 733 A.2d 833 (1999). In Beasley, the Appellate Court addressed the inability of an inmate in administrative segregation to earn good time under Administrative Directive 9.4. "[I]t is within the authority of the commissioner [of correction] to promulgate rules that make an inmate ineligible to earn statutory good time." Id., 435. "[O]nce classified in administrative segregation, the [petitioner] became ineligible to earn statutory good time." Id., 433-4. As a result, the petitioner is not entitled to a hearing on the loss of good time subsequent to being classified in administrative segregation because he never earned the good time he is claiming he earned. Id, 434.[2]
The petitioner's claim that the loss of good time without a hearing violates due process is also without merit. The Beasley court found no equal protection violation arising out of the distinction made between CT Page 3494 inmates in administrative segregation and those who are not. Id., 437. The petitioner has not alleged that due process was violated when he was initially classified in administrative segregation. Id., 438. Instead, he has alleged due process violations arising out of the non-occurrence of monthly hearings on his loss of good time while in administrative segregation. As stated above, the petitioner does not have a right to such a hearing.
The petitioner claims that an inmate in administrative segregation is entitled to receive a disciplinary report prior to the forfeiture of good time. "A proper hearing as to the classification [in administrativesegregation] necessarily means a proper hearing as to eligibility [to earn statutory good time], as long as the inmate is properly notified of this nexus." (Emphasis added.) Id., 438. This nexus exists because the "[c]lassification in administrative segregation and the loss of eligibility to earn statutory good time are inextricably connected; to lose eligibility to earn good time, an inmate must first be classified in administrative segregation." Id.
"[T]he opportunity to earn good time is not a constitutionally protected liberty interest; therefore, only minimal procedural protections are necessary to satisfy the notice requirement of due process." (Internal citations omitted.) Id. The petitioner in this case does not challenge his administrative segregation status, the hearing he received for such classification, or any notice commensurate with such classification. As a result, this Court finds that the petitioner was not entitled to receive a disciplinary report because he was not earning good time while administratively segregated.
Lastly, the petitioner raises an ex post facto claim by arguing that the implementation of Administrative Directive 9.4 three (3) years after the petitioner had his hearing on being classified in administrative segregation denied his statutory right to earn good time. The Beasley
court undertook a detailed ex post facto analysis of Administrative Directive 9.4. Id., 427-33, and concluded that "the directive was not in violation of the ex post facto clause of the United States constitution."Id., 433.
Consequently, the Court finds that the petitioner has failed to state any cognizable claims. Based on the foregoing, the Court denies the petition for habeas corpus because there is no claim upon which relief may be granted. Judgment of dismissal may enter in this case.
By the Court,
HON. DAVID M. BARRY, JTR CT Page 3495