## CHRISTOPHER COLEMAN *v.* COMMISSIONER OF CORRECTION
## (AC 28720)

McLachlan, Beach and Mihalakos, Js.

Argued May 30—officially released November 11, 2008

*Christopher Coleman,* pro se, the appellant (petitioner).

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Henri Alexandre* and *Richard T. Biggar,* assistant attorneys general, for the appellee (respondent).

*Opinion*

MIHALAKOS, J. The petitioner, Christopher Coleman, appeals from the dismissal of his petition for a writ of habeas corpus. On appeal, he claims that the habeas court abused its discretion by refusing to rule on his petition for certification to appeal. The petitioner further claims that the claims raised in his habeas corpus petition, if proven, would establish a due process violation. The court, in dismissing the petition for a writ of habeas corpus, stated that the petition did not present a claim on which the habeas court could grant relief. We dismiss the appeal.

The following facts are relevant for our disposition of the petitioner's appeal. The petitioner is serving a twenty year sentence for crimes committed after October 1, 1994. On December 16, 2004, while the petitioner was an inmate at Cheshire Correctional Institution, prison staff members confiscated a photograph and two letters from the petitioner's family members. As a result of the contraband, the petitioner was given a disciplinary report that charged him with being affiliated with a security risk group. The petitioner was given a hearing on the disciplinary report and subsequently was found guilty of the charge. He thereafter was sanctioned with fifteen days confinement to punitive segregation, confinement to quarters for fifteen days and the loss of telephone privileges for ninety days and transferred to the Northern Correctional Institution.

The petitioner filed a petition for a writ of habeas corpus, alleging that he was denied due process in connection with the guilty finding and the resulting sanctions. The court dismissed the petition because it "[did]

not present a claim upon which the [h]abeas court can grant relief per . . . Practice Book § 23-24 (a) (3)."[1]

Following the court's refusal to issue the writ, the petitioner timely filed a petition for certification to appeal from the court's decision. The court took no action on the petition for certification to appeal.[2] This appeal followed.

In the present case, as previously stated by this court, the habeas court dismissed the petition for a writ for habeas corpus. The petitioner then filed a petition for certification to appeal. No action was taken by the court on that petition. Our Supreme Court has held that "[t]he trial court's decision not to consider the defendant's motions was the functional equivalent of a denial . . . ." *Ahneman* v. *Ahneman*, 243 Conn. 471, 480, 706 A.2d 960 (1998). The inaction by the court is the equivalent of a denial. This court has jurisdiction to determine whether such denial is an abuse of the court's discretion. See *Simms* v. *Warden*, 230 Conn. 608, 613–15, 646 A.2d 126 (1994).

We must next set forth the applicable standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an

___

[1] Practice Book § 23-24 (a) provides: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that: (1) the court lacks jurisdiction; (2) the petition is wholly frivolous on its face; or (3) the relief sought is not available." Although the habeas court cited subdivision (3), a petition that fails to state a claim would be subject to dismissal under subdivision (1) for lack of jurisdiction. "[I]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Wilson* v. *Jefferson*, 98 Conn. App. 147, 161 n.12, 908 A.2d 13 (2006).

[2] The petitioner claims that the court improperly failed to rule on his petition for certification to appeal. Because we conclude that the court's refusal to rule on the petition for certification to appeal was the functional equivalent of a denial, we need not decide whether the court abused its discretion in declining to rule on the petition for certification to appeal.

abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) Id., 612. "A petitioner satisfies that burden by demonstrating: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616.

In determining whether the court abused its discretion by denying the petition for certification to appeal, we must first consider the merits of the petitioner's appeal. In the present case, the petitioner alleged that his disciplinary hearing denied him due process. Specifically, he claims that (1) he was not provided adequate assistance by his advocate and (2) the guilty finding was not supported by sufficient evidence. We conclude, however, that the petitioner was not entitled to habeas relief for an alleged due process violation at his disciplinary hearing because the adverse consequence, regardless of the sufficiency of the evidence, did not result in the deprivation of a liberty interest.

"In order to state a claim for a denial of procedural due process . . . a prisoner must allege that he possessed a protected liberty interest, and was not afforded the requisite process before being deprived of that liberty interest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000); see also *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 680, 667 A.2d 304 (1995). A petitioner has "no right to due process [at his disciplinary hearing] unless a liberty interest has been deprived . . . ." *Scott* v. *Albury*, 156 F.3d 283, 287 (2d Cir. 1998) (per curiam). To constitute a deprivation of liberty, a restraint must have imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* v. *Conner*, 515 U.S.

472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Additionally, the petitioner must establish that "the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier* v. *Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

In this case, the petitioner alleged that the adverse decision in his disciplinary hearing violated two liberty interests. First, he claims that he was classified as a security risk group member. Second, he claims that he was transferred to a different, more secure prison. He argues that these liberty interests triggered his right to due process at the disciplinary hearing. We conclude, however, that neither claimed action implicates a liberty interest and that the petitioner, therefore, was not entitled to due process.

The petitioner's classification as a security risk group member does not implicate a liberty interest. "Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." *Wheway* v. *Warden*, 215 Conn. 418, 431, 576 A.2d 494 (1990), citing *Moody* v. *Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). Accordingly, the petitioner was not entitled to due process prior to being classified as a security risk group member.

Similarly, the petitioner's transfer from Cheshire Correctional Institution to Northern Correctional Institution does not implicate a liberty interest. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of a sentence imposed by a court of law." (Internal quotation marks omitted.) *Martinez* v. *Commissioner of Correction*, 105 Conn. App. 65, 77, 936 A.2d 665 (2007), cert. denied, 285 Conn. 917, 943 A.2d 475 (2008). "[A] prisoner

generally has no due process right to challenge a transfer from one facility to another." *Prins* v. *Coughlin*, 76 F.3d 504, 507 (2d Cir. 1996). "Confinement in *any* of the [s]tate's institutions is within the normal limits or range of custody which the conviction has authorized the [s]tate to impose." (Emphasis added.) *Meachum* v. *Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). If the petitioner believes that the conditions at Northern Correctional Institution impose on him an atypical and significant hardship, the proper course of action would be a challenge to the conditions at Northern Correctional Institution, not a challenge to his transfer from Cheshire Correctional Institution. See *Prins* v. *Coughlin*, supra, 507. Accordingly, the petitioner was not entitled to due process at his disciplinary hearing because his transfer did not implicate a liberty interest.

The petitioner's claims that his classification and his placement are liberty interests are not issues that are debatable among jurists of reason, issues that a court could resolve in a different manner or questions that are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Because the petitioner failed to allege the deprivation of a liberty interest, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.