## DAVID JOYCE *v.* COMMISSIONER OF CORRECTION
### (AC 31264)

DiPentima, C. J., and Robinson and Bear, Js.

Argued February 8—officially released May 24, 2011

*David Joyce*, pro se, the appellant (petitioner).

*Neil Parille*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, former attorney general, for the appellee (respondent).

DiPENTIMA, C. J. The petitioner, David Joyce, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying certification to appeal the judgment of the habeas court and (2) improperly dismissed his petition for a writ of habeas corpus. We disagree and, accordingly, dismiss the petitioner's appeal.

The habeas court set forth the following facts and procedural history in its memorandum of decision. On June 3, 1991, the petitioner was sentenced to a term of imprisonment of ninety years following his conviction for various crimes, including felony murder, robbery in the first degree, attempt to commit robbery in the first degree and criminal possession of a firearm. On July 24, 2004, while in the custody of the respondent, the commissioner of correction, the petitioner received a disciplinary ticket for assault. Following a disciplinary hearing, the petitioner was found guilty and received various sanctions, including punitive segregation for thirty days.

On August 3, 2006, the pro se petitioner filed a petition for a writ of habeas corpus challenging the conditions of his confinement. Specifically, he alleged that he was denied due process because he was not permitted to present evidence at the disciplinary hearing. The petitioner claimed that he was not able to present a surveillance video recording of the assault that would exonerate him.

On April 24, 2009, the respondent filed a motion to dismiss the petition pursuant to Practice Book § 10-31. Specifically, the respondent argued that the court lacked jurisdiction because the petitioner was not deprived of a liberty interest. After oral argument, the

court issued a memorandum of decision dismissing the petition for lack of jurisdiction.[1] It subsequently denied the petition for certification to appeal the dismissal of the habeas petition.

"We set forth the appropriate standard of review. Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616. If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Tuck* v. *Commissioner of Correction*, 123 Conn. App. 189, 194, 1 A.3d 1111 (2010).

A brief review of the purpose of the writ of habeas corpus will facilitate our discussion. "The principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness." (Internal quotation marks omitted.) *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 460–61, 610 A.2d 598 (1992), overruled in part on other grounds by *Small* v. *Commissioner of Correction*, 286 Conn. 707, 724, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). The writ has been described as a unique and extraordinary legal remedy. See *Vincenzo* v. *Warden*,

---

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ."

26 Conn. App. 132, 135–36, 599 A.2d 31 (1991). Our Supreme Court has recognized that the "writ of habeas corpus, as it is employed in the twentieth century . . . does not focus solely upon a direct attack on the underlying judgment or upon release from confinement. See, e.g., *Gaines* v. *Manson*, 194 Conn. 510, 481 A.2d 1084 (1984) (undue appellate delay); *Arey* v. *Warden*, 187 Conn. 324, 445 A.2d 916 (1982) (conditions of confinement); *Roque* v. *Warden*, 181 Conn. 85, 434 A.2d 348 (1980) (first amendment issues); *Negron* v. *Warden*, 180 Conn. 153, 429 A.2d 841 (1980) (state's extradition practice); *Doe* v. *Doe*, 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes)." (Internal quotation marks omitted.) *Baker* v. *Commissioner of Correction*, 281 Conn. 241, 251, 914 A.2d 1034 (2007).[2]

After recognizing this development, our Supreme Court cautioned that there are limits to the jurisdiction of the habeas court. "Nonetheless, despite this expansion of the writ beyond its initial objective of securing immediate release from illegal detention, in order to

[2] We take this opportunity to note that courts have been disinclined to become involved with the day-to-day operations of correctional facilities. "It is well settled that the courts afford great deference to prison administrators in their operation and management of correctional facilities. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism." (Internal quotation marks omitted.) *Beasley* v. *Commissioner of Correction*, 50 Conn. App. 421, 426–27, 718 A.2d 487 (1998), aff'd, 249 Conn. 499, 733 A.2d 833 (1999); see also *Sandin* v. *Conner*, 515 U.S. 472, 482–83, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

invoke successfully the jurisdiction of the habeas court, a petitioner must allege an interest sufficient to give rise to habeas relief." (Internal quotation marks omitted.) Id. As this court has stated, "[t]he scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty." *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 679, 667 A.2d 304 (1995).

Guided by these principles, we turn to the specifics of this case. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Vanwhy* v. *Commissioner of Correction*, 121 Conn. App. 1, 7–8, 993 A.2d 478 (2010); see also *Johnson* v. *Rell*, 119 Conn. App. 730, 735, 990 A.2d 354 (2010).

We note that the petitioner does not claim, nor could he, that he has lost any previously earned good time credit. His primary challenge appears to be that he was denied the opportunity to present a video recording of the assault. Specifically, the petitioner argues that this recording would have shown that two correction officers assaulted him. A secondary challenge is that as a result of being sanctioned, the petitioner was ineligible to earn good time credits.[3] In sum, the petitioner claims

---

[3] General Statutes § 18-7a (c) provides in relevant part: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such

that he was denied due process because (1) he was not afforded the opportunity to present the video recording at his disciplinary hearing and (2) he was ineligible to earn good time credits while in punitive segregation.

With respect to the latter, we conclude that our decision in *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996), is controlling. In *Abed*, we stated that the petitioner does not have a liberty interest in good time credits that have not yet been earned. Id., 181–82. See also *Francis* v. *Commissioner of Correction*, 51 Conn. App. 460, 462–63, 723 A.2d 1153 (1999) (petitioner's interest in restoration of previously forfeited credits too attenuated to create liberty interest). On the basis of this precedent, we conclude that the petitioner has failed to establish a liberty interest in good time credits that he was ineligible to earn while in thirty days of punitive segregation. As a result, we further conclude that there is no due process violation.

With respect to the claim that he was denied an opportunity to present the video recording at his disciplinary hearing, our decision in *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009), guides our analysis. We stated: "In order to state a claim for a denial of procedural due process . . . a prisoner must allege that he possessed a protected liberty interest, and was not afforded the requisite process before

sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. . . ."

Pursuant to the respondent's policies, while an inmate is in punitive segregation, he or she is not eligible to earn or to receive statutory good time credits. See, e.g., http://www.ct.gov/doc/LIB/doc/pdf/ad/ad0904.pdf (last visited May 3, 2011); see also *Beasley* v. *Commissioner of Correction*, 50 Conn. App. 421, 425, 718 A.2d 487 (1998), aff'd, 249 Conn. 499, 733 A.2d 833 (1999).

being deprived of that liberty interest. . . . A petitioner had no right to due process [at his disciplinary hearing] unless a liberty interest has been deprived . . . . To constitute a deprivation of liberty, a restraint must have imposed an atypical and significant hardship . . . in relation to the ordinary incidents of prison life. *Sandin* v. *Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)." (Citations omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, supra, 141–42. We concluded that because the petitioner in *Coleman* had failed to demonstrate a recognized liberty interest, he was not entitled to due process at the disciplinary hearing. Id., 143; see also *Frazier* v. *Coughlin*, 81 F.3d 313, 318 (2d Cir. 1996). In the present case, because the petitioner failed to establish a recognized liberty interest, he was not entitled to due process at the disciplinary hearing. His inability to present the video recording at that hearing is of no constitutional significance.

We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal the dismissal of the petition for a writ of habeas corpus. We are not persuaded that the issues raised by the petitioner are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.