JANCIS FULLER *v.* COMMISSIONER OF
CORRECTION
(AC 34175)

Lavine, Alvord and Bear, Js.

Argued May 23—officially released July 23, 2013

*Jancis L. Fuller*, self-represented, the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom were *Stephen Finucane*, law student intern, and on the brief, *George Jepsen*, attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Jancis Fuller, appeals from the judgment of the habeas court dismissing her petition for a writ of habeas corpus for want of jurisdiction. On appeal, the petitioner claims that the habeas court improperly dismissed her petition. We affirm the judgment of the habeas court.

The petitioner was convicted of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a). The petitioner received an effective sentence of thirty years in the custody of the respondent, the commissioner of correction. See *State* v. *Fuller*, 56 Conn. App. 592, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000). The petitioner's prior petitions for a writ of habeas corpus were either denied or dismissed. See *Fuller* v. *Commissioner of*

*Correction,* 75 Conn. App. 814, 817 A.2d 1274 (petition denied), cert. denied, 263 Conn. 926, 823 A.2d 1217 (2003); *Fuller* v. *Commissioner of Correction,* 93 Conn. App. 736, 890 A.2d 620 (petition dismissed as abuse of writ), cert. denied, 278 Conn. 914, 899 A.2d 620 (2006).

On July 22, 2010, the petitioner filed a petition for a writ of habeas corpus in which she alleged that her incarceration was illegal because "(1) the parole board unfairly and arbitrarily held the petitioner responsible for the fact that she had not completed her [offender accountability plan] and denied parole . . . (2) the parole board's decision to order that the petitioner's next parole hearing be held in March, 2015, caused a major disruption in the petitioner's life in violation of the due process clause of the 14th Amendment to U.S. Constitution."[1] The court reviewed the petition and sent the petitioner a letter that stated: "This is to acknowledge receipt of your petition for a writ of habeas corpus. It has been assigned docket number . . . . The [h]abeas [c]orpus petition is declined and is being returned because the court lacks jurisdiction per . . . Practice Book § 23-24 (a) (1)."[2] The letter was dated August 18, 2010, and was signed by the court. The petitioner filed a motion for reconsideration that was denied by the court. The court granted the petitioner certification to appeal from the dismissal of her habeas petition.

"[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our

[1] The substance of the petitioner's claim is that the respondent failed to make available to her the programs she needs to complete her offender accountability plan.

[2] Practice Book § 23-34 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction . . . ."

review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [W]here the court rendering the judgment lacks jurisdiction of the subject matter the judgment itself is void." (Internal quotation marks omitted.) *Baker* v. *Commissioner of Correction*, 281 Conn. 241, 248–49, 914 A.2d 1034 (2007).

*Baker* controls our decision in this appeal. "[T]he writ of habeas corpus [has] evolved as a remedy available to effect discharge from any confinement contrary to the [c]onstitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction." (Internal quotation marks omitted.) Id., 249. "[T]he principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness. . . . To mount a successful collateral attack on his conviction a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal." (Internal quotation marks omitted.) Id., 250–51. "[I]n order to invoke successfully the jurisdiction of the habeas court, a petitioner must allege an interest sufficient to give rise to habeas relief." (Internal quotation marks omitted.) Id., 251. "In order to . . . qualify as a constitutionally protected liberty, [however] the interest must be one that is *assured* either by statute, judicial decree, or regulation." (Emphasis in original; internal quotation marks omitted.) Id., 252. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the [s]tate may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the [c]onstitution." (Internal quotation marks omitted.) Id.

The United States Supreme Court has recognized that "[t]here is no constitutionally or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. . . . A state may . . . establish a parole system, but it has no duty to do so." (Citations omitted.) *Greenholtz* v. *Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 90 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). "[W]hether and to what extent a state creates a liberty interest in parole by state statute is entirely at the discretion of the state." *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 253.

In *Baker*, our Supreme Court examined Connecticut's parole eligibility statute; General Statutes (Rev. to 2001) § 54-125a, as amended by Public Acts, Spec. Sess., June, 2001, No. 01-9, § 74;[3] to determine whether it conferred a liberty interest on a petitioner for a writ of habeas corpus. See *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 254–56. The court saw "no indication in § 54-125a that the legislature intended to assure an inmate's parole eligibility status . . . ." Id., 256. "[T]he regulations promulgated by the [parole] board pursuant to [General Statutes] § 54-125a (c) do not in any way

---

[3] The petitioner refers to the state's parole system in general, and the petition does not allege a particular statute. We, nonetheless, direct our attention to § 54-125a (a), which provides in relevant part: "A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the most recent sentence imposed by the court, whichever is greater, *may* be allowed to go at large on parole *in the discretion of the panel of the Board* . . . for the institution in which the person is confined, *if* (1) it appears from all available information, including any reports from the Commissioner of Correction that the panel may require that there is a reasonable probability that such inmate will live and remain at liberty without violating the law, *and* (2) such release is not incompatible with the welfare of society. . . ." (Emphasis added.) General Statutes (Rev. to 2001) § 54-125a (a), as amended by Public Acts, Spec. Sess., June, 2001, No. 01-9, § 74.

limit its discretion in parole eligibility decisions." Id., 257. "Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement do not create a statutory or constitutional entitlement sufficient to invoke due process. *Wheway* v. *Warden*, 215 Conn. 418, 431, 576 A.2d 496 (1990), citing *Moody* v. *Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976)." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 142, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009).

Contrary to the petitioner's assertions, "parole eligibility . . . is not within the terms of the sentence imposed." (Internal quotation marks omitted.) *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 260, quoting *State* v. *Faria*, 254 Conn. 613, 627, 758 A.2d 348 (2000). Our Supreme Court has concluded that "parole eligibility under § 54-125a does not constitute a cognizable liberty interest sufficient to invoke habeas jurisdiction." *Baker* v. *Commissioner of Correction*, supra, 261–62.[4] The court therefore properly dismissed the petition for a writ of habeas corpus.

The judgment is affirmed.

---

[4] "Since it is clear that an inmate has no liberty interest in or right to parole release, it follows that he cannot invoke a court's subject matter jurisdiction in a habeas action by claiming his confinement is illegal based on a parole board's [alleged] failure to adhere to rule-making procedures." *Vincenzo* v. *Warden*, 26 Conn. App. 132, 143–44, 599 A.2d 31 (1991).