******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GILBERT RODRIGUEZ *v.* COMMISSIONER
OF CORRECTION
(AC 36907)

Gruendel, Sheldon and Keller, Js.

*Argued March 16—officially released August 11, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Mullins, J.)

*Gilbert Rodriguez*, self-represented, the appellant
(petitioner).

*Zenobia G. Graham-Days*, assistant attorney general,
with whom, on the brief, was *George Jepsen*, attorney
general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gilbert Rodriguez, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court declining to issue a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (1)[1] on the ground that it lacked subject matter jurisdiction. We dismiss the appeal.

On October 20, 1995, the petitioner was sentenced to forty years imprisonment for his conviction of murder in violation of General Statutes § 53a-54a (a). On June 3, 1999, while he was incarcerated, he received a "Security Risk Group Safety Threat Member Hearing Notification" indicating that a hearing would take place on June 9, 1999, to determine his status as a security risk group safety threat member. As a result of that hearing, it was determined, on the basis of information obtained from a confidential informant, that the petitioner was affiliated with the Latin Kings, and he was thus designated as a security risk group safety threat member.

On January 8, 2014, the petitioner filed a petition for a writ of habeas corpus alleging that he was denied due process when he was classified as a member of a security risk group. He alleged that he was not given notice in advance of the hearing of the allegation that he was affiliated with the Latin Kings, and that the lack of notice violated his right to due process. The petitioner further alleged that, as a result of his classification as a member of a security risk group, he was no longer able to work as a "tierman" in the prison, and he was thereby deprived of his liberty interest to earn good time credit for the performance of that work.

On March 4, 2014, the habeas court declined to issue a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (1) on the ground that it lacked subject matter jurisdiction. The petitioner thereafter filed a petition for certification to appeal that judgment, which the court denied. This appeal followed.

"Faced with the habeas court's denial of certification to appeal [under General Statutes § 52–470 (b)], a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, [498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)], is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. . . . In determining whether the habeas court abused its discretion in denying the petitioner's

request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in [*Lozada* v. *Deeds*, supra, 432] and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed [and the appeal dismissed]." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 122 Conn. App. 246, 250–51, 999 A.2d 789, cert. denied, 298 Conn. 922, 4 A.3d 1225 (2010).

The petitioner challenges the habeas court's judgment declining to issue a writ of habeas corpus on the ground that it lacked subject matter jurisdiction. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [W]here the court rendering the judgment lacks jurisdiction of the subject matter the judgment itself is void." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 144 Conn. App. 375, 377–78, 71 A.3d 689, cert. denied, 310 Conn. 946, 80 A.3d 907 (2013).

In this case, the petitioner claims that the adverse decision in his disciplinary hearing, which resulted in his classification as a security risk group member, precluded him from continuing to work as a "tierman" in the prison and thus deprived him of his liberty interest to good time credit that he could have earned in consideration for that work. We disagree.

"In order to state a claim for a denial of procedural due process . . . a prisoner must allege that he possessed a protected liberty interest, and was not afforded the requisite process before being deprived of that liberty interest. . . . A petitioner has no right to due process [at his disciplinary hearing] unless a liberty interest has been deprived . . . . To constitute a deprivation of liberty, a restraint must have imposed an atypical and significant hardship . . . in relation to the ordinary incidents of prison life. . . . Additionally, the petitioner must establish that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." (Citations omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 141–42, 958 A.2d 790, 793 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009). "The peti-

tioner's classification as a security risk group member does not implicate a liberty interest. Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process. *Wheway* v. *Warden*, 215 Conn. 418, 431, 576 A.2d 494 (1990), citing *Moody* v. *Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976)." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, supra, 142.

Because the petitioner failed to allege a liberty interest sufficient to invoke the subject matter jurisdiction of the habeas court, we conclude that the court properly declined to issue him a writ of habeas corpus. Furthermore, we conclude that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

[1] Practice Book § 23-24 provides in relevant part: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction . . . ."