# ANTHONY SINCHAK *v.* COMMISSIONER OF CORRECTION
## (AC 29193)

Bishop, Robinson and Hennessy, Js.

Argued October 13, 2010—officially released February 22, 2011

*J. Patten Brown III*, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, former state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

BISHOP, J. The petitioner, Anthony Sinchak, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus that alleged ineffective assistance of habeas counsel. On appeal, he claims that the court improperly (1) failed to appoint counsel to represent him when he filed his habeas petition and (2) dismissed his petition as premature. Because we agree with the petitioner's first claim, and subsequent events have rendered moot the court's determination that the petition was premature, we reverse the judgment of the habeas court.

The following procedural history is relevant to our disposition of the petitioner's appeal. Following a jury trial in 1995, the petitioner was convicted of murder in violation of General Statutes § 53a-54a and two counts of kidnapping in the first degree in violation of General Statutes § 53a-92. On July 26, 2000, the petitioner filed a pro se petition for a writ of habeas corpus, and he filed another petition on July 3, 2001. The two petitions were consolidated by court order on July 30, 2001 (first petition). Attorney Donald O'Brien was later appointed as a special public defender and filed his appearance on February 22, 2002. The matter was tried in December, 2006, and March, 2007, before the habeas court, and in a memorandum of decision filed June 29, 2007, the court denied the petition. On July 9, 2007, the court also denied the petitioner's subsequent petition for certification to appeal from that judgment. The petitioner appealed on August 1, 2007, following the denial of certification.

Prior to a resolution of the appeal of the first petition, on July 25, 2007, the petitioner filed a second habeas petition (second petition) claiming ineffective assistance of habeas counsel in his representation of the petitioner in his first petition. In the second petition,

the court granted the petitioner's application for waiver of entry fee on August 1, 2007, but then dismissed the petition on August 8, 2007, pursuant to Practice Book § 23-29 (4),[1] on the ground that the claim was premature. The court granted his petition for certification to appeal from the dismissal on November 16, 2007. This appeal followed.

On appeal, the petitioner claims that the court incorrectly dismissed the second petition as premature[2] and improperly failed to appoint counsel once the petition had been docketed. We agree with his claim regarding counsel.

The use of a habeas petition to raise an ineffective assistance of habeas counsel claim, commonly referred to as a "habeas on a habeas," was approved by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). In *Lozada*, the court determined

---

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(4) the claims asserted in the petition are moot or premature . . . ."

[2] As to the petitioner's claim that the court improperly dismissed his petition as premature pursuant to Practice Book § 23-29 (4), he asserts that our Supreme Court's reasoning in *State* v. *Leecan*, 198 Conn. 517, 541–42, 504 A.2d 480 (petitioner may bring habeas claim while direct appeal of conviction is pending), 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986), should apply to the present situation, allowing him to be heard in a habeas claiming ineffective assistance of habeas counsel even though his appeal of the initial habeas is still pending. We need not reach the question of whether the reasoning of *Leecan* applies to this situation because, in this same issue of the Connecticut Law Journal, we publish our opinion in the first habeas petition, *Sinchak* v. *Commissioner of Correction*, 126 Conn. App. 670, 14 A.3d 348 (2011). There, we dismiss the petitioner's appeal of the first habeas on the ground that the court did not abuse its discretion in denying the petition for certification to appeal. As a consequence, to the extent that the court determined that this second habeas was premature, the subsequent dismissal of the first appeal has rendered moot the court's determination because, on remand, the petitioner will have the opportunity to amend his petition to now include the allegation that his first habeas has been dismissed on appeal. Accordingly, we need not address the petitioner's *Leecan* argument.

that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a)[3] includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition. Id., 838–41. To resolve the petitioner's claim in the present case, we must determine whether § 51-296 (a) provides an indigent petitioner with a right to counsel for such a habeas on a habeas, as it does for the initial petition.

Because this analysis requires us to interpret the statute affording counsel to an indigent habeas petitioner, our review is plenary. *In re A.R.*, 123 Conn. App. 336, 339, 1 A.3d 1184 (2010). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) Id. "When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Bank of New York* v. *Bell*, 120 Conn. App. 837, 845, 993 A.2d 1022, cert. denied, 298 Conn. 917, 4 A.3d 1225 (2010).

---

[3] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, *in any habeas corpus proceeding arising from a criminal matter*, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ." (Emphasis added.)

We look first to the language of the statute. See General Statutes § 1-2z. Section 51-296 (a) provides, in relevant part, that a court shall appoint counsel to represent an indigent petitioner "[i]n any criminal action" or "in any habeas corpus proceeding arising from a criminal matter . . . ."[4] Our appellate courts have liberally construed the reference in § 51-296 (a) to "any habeas corpus proceeding" as providing an indigent petitioner with a statutory right to counsel in both habeas hearings and habeas appeals. *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 646 n.20, 778 A.2d 121 (2001). The limiting phrase "arising from a criminal matter," however, has not been interpreted separately. It is not statutorily defined, and neither § 51-296 nor any other statutory provision clearly indicates whether a habeas on a habeas arises from a criminal matter within the meaning of § 51-296 (a).

Certainly not every habeas proceeding arises from a criminal matter. "The writ of habeas corpus . . . does not focus solely upon a direct attack on the underlying judgment or upon release from confinement. See, e.g., *Gaines* v. *Manson*, 194 Conn. 510, 481 A.2d 1084 (1984) (undue appellate delay); *Arey* v. *Warden*, 187 Conn. 324, 445 A.2d 916 (1982) (conditions of confinement); *Roque* v. *Warden*, 181 Conn. 85, 434 A.2d 348 (1980) (first amendment issues); *Negron* v. *Warden*, 180 Conn. 153, 429 A.2d 841 (1980) (state's extradition practice); *Doe* v. *Doe*, 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes)." *Lozada* v. *Warden*, supra, 223 Conn. 841–42. *Lozada* clearly distinguishes, however, that ineffective assistance of counsel claims arise from a criminal matter, stating that "whether the accused had reasonably competent habeas and trial counsel

---

[4] Likewise, Practice Book § 23-26 provides for the appointment of counsel for indigent parties "[i]n petitions arising from criminal matters," and Practice Book § 44-1 provides for the appointment of counsel for any "petitioner in any habeas corpus proceeding arising from a criminal matter . . . ."

. . . are matters that ultimately challenge the underlying conviction." Id., 842. In fact, it appears to be this direct nexus to the criminal matter that convinced the *Lozada* court that the vehicle for challenging the effectiveness of trial counsel, a habeas petition, may also be employed to assert an ineffectiveness claim regarding habeas counsel. Id., 842–43. Accordingly, we conclude that a habeas on a habeas arises from a criminal matter within the meaning of § 51-296 (a). Indeed, it would produce an anomalous result to hold that one has a right to bring a habeas challenging the effectiveness of habeas counsel but one is not statutorily entitled to the assistance of counsel in such an effort. As *Lozada*'s provision for the remedy of a habeas upon a habeas is premised on the notion that one's criminal conviction is at the root of an initial habeas claiming ineffectiveness of trial counsel as well as at the root of a habeas claiming ineffectiveness of habeas counsel, we believe that the statutory right to counsel in a habeas petition arising from one's conviction pertains not only to the initial habeas petition asserting ineffectiveness of trial counsel but also to the habeas upon a habeas claiming ineffectiveness of habeas counsel.

We find additional support for our conclusion in the reasoning in *Gipson* v. *Commissioner of Correction*, supra, 257 Conn. 632, in which our Supreme Court interpreted the portion of § 51-296 (a) referencing "any criminal action  . . . ." *Gipson* determined that "any criminal action" under § 51-296 (a) includes all direct appeals, including petitions for certification, and not just a first appeal as of right. *Gipson* v. *Commissioner of Correction*, supra, 646. The court found precedent for this "liberal construction" in the expansive interpretation it had given to the reference in § 51-296 (a) to habeas corpus proceedings. Id., 646 n.20. That precedent of liberal construction applies even more precisely to the present case, which directly concerns the intent of the reference in § 51-296 (a) to habeas proceedings.

Consequently, in the same manner in which *Gipson* reasoned that a provision of counsel for the first appeal as of right logically extends to all direct appeals from a conviction; id., 646; we reason that a provision of counsel for an initial ineffective assistance habeas petition logically extends to all ineffective assistance habeas petitions, including a habeas on a habeas.

Our Supreme Court also construed the phrase "any criminal action" in *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007), and, as with *Gipson*, we find its reasoning instructive in our interpretation of the phrase "arising from a criminal matter." *Casiano* determined that "any criminal action" includes the preparation and filing of a nonfrivolous motion to correct an illegal sentence and any direct appeal from the denial of such motion. Id., 624. It reasoned that a motion to correct an illegal sentence is an alternate route equivalent to an appeal of an illegal sentence and, because § 51-296 (a) provides counsel for such an appeal, the statutory right to counsel logically extends to the equivalent motion. Id., 625–26. Similarly, in the present case, a habeas on a habeas is equivalent to an initial ineffective assistance habeas because both require the same proof and offer the same remedy. See *Lozada* v. *Warden*, supra, 223 Conn. 842–43 (ineffective assistance petitioner must prove ineffective assistance of trial counsel and remedy for successful claim is new trial). By logical extension, then, § 51-296 (a), which applies to an initial ineffective assistance habeas, applies equally to a habeas on a habeas.

The court in *Casiano* also noted that a motion to correct is an integral, albeit optional, part of a postconviction sentencing procedure. *State* v. *Casiano*, supra, 282 Conn. 626–27, citing *Consiglio* v. *Warden*, 153 Conn. 673, 679, 220 A.2d 269 (1966). Because of this close nexus and the "critical importance" of the sentencing phase, at which a defendant has a constitutional right

to counsel, it reasoned that a motion to correct is a "criminal action" within the purview of the right to counsel in § 51-296 (a). *State* v. *Casiano,* supra, 626–27. Similarly, in the present case, the close nexus between the habeas on a habeas and the underlying conviction, at which there is a constitutional right to counsel, indicates that the habeas on a habeas arises "from a criminal matter" within the purview of the right to counsel provided in § 51-296 (a).

As a point of contrast, we recognize that this court has determined that the term "any criminal action" in § 51-296 (a) does not include petitions for a new trial because such petitions are ancillary to the original criminal trial, commenced by the service of civil process and prosecuted as civil actions. *Small* v. *State,* 101 Conn. App. 213, 217–19, 920 A.2d 1024 (2007), appeal dismissed, 290 Conn. 128, 962 A.2d 80, cert. denied, 558 U.S. 842, 130 S. Ct. 102, 175 L. Ed. 2d 68 (2009). In a similar argument, the respondent, the commissioner of correction, contends that because habeas corpus is a civil proceeding; see *Collins* v. *York,* 159 Conn. 150, 153, 267 A.2d 668 (1970); a habeas on a habeas arises from an underlying civil matter, not a criminal matter as required under § 51-296 (a). The present case is distinguishable from *Small,* however, because, unlike petitions for a new trial, which must conform to the general rule that there is no right to counsel in civil cases, habeas petitions fall under the express exception to that general rule in § 51-296 (a). See *Small* v. *State,* supra, 217–18. Furthermore, as our Supreme Court stated in *Lozada,* "[t]he second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." *Lozada* v. *Warden,* supra, 223 Conn. 843. The underlying matter in a habeas on a habeas, therefore, is not the initial civil petition but the

criminal conviction itself, and it falls within the purview of § 51-296 (a).

To summarize, in light of the expansive interpretation of § 51-296 (a) with regard to habeas corpus proceedings, the equivalence of a habeas on a habeas to the initial ineffective assistance habeas, the nexus between a habeas on a habeas and the underlying criminal conviction and the fact that the justification for a habeas on a habeas claim derives from § 51-296 (a) itself as interpreted in *Lozada,* we are persuaded that the right to counsel in § 51-296 (a) for an indigent petitioner in "any habeas proceeding arising from a criminal matter" includes habeas petitions alleging ineffective assistance of habeas counsel. Accordingly, the habeas court was required to appoint counsel to the petitioner in the present case.

The judgment is reversed and the case is remanded for the appointment of counsel and for further proceedings in accordance with law.

In this opinion the other judges concurred.