WILLIAM COLEMAN *v.* COMMISSIONER
OF CORRECTION
(AC 33621)

DiPentima, C. J., and Bear and West, Js.

52

Argued April 17—officially released July 24, 2012

*William Coleman,* pro se, the appellant (petitioner).

*Steven R. Strom,* assistant attorney general, with whom, on the brief, was *George Jepsen,* attorney general, for the appellee (respondent).

### Opinion

BEAR, J. The self-represented petitioner, William Coleman, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) dismissed his petition without a hearing and

(2) failed to appoint counsel on his behalf. We affirm the judgment of the habeas court.

The following procedural history is relevant to our disposition of the petitioner's appeal. The petitioner was convicted, after a jury trial, of sexual assault in a spousal relationship in violation of General Statutes § 53a-70b (b), unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), breach of the peace in the second degree in violation of General Statutes § 53a-181, threatening in the second degree in violation of General Statutes § 53a-62 (a) (1) and larceny in the sixth degree in violation of General Statutes § 53a-125b (a). He was sentenced to a total effective term of fifteen years incarceration, execution suspended after eight years, with a maximum discharge date of December 30, 2012. He appealed from the judgment of conviction, and, on September 4, 2007, this court affirmed the judgment. See *State* v. *William C.*, 103 Conn. App. 508, 510, 930 A.2d 753, cert. denied, 284 Conn. 928, 934 A.2d 244 (2007). On September 17, 2007, the petitioner began a hunger strike, protesting against perceived injustices in the state's judicial system.

The petitioner's health deteriorated rapidly as a result of his refusal to ingest solid foods. Concerned with the petitioner's safety and the safety of the greater prison population, the commissioner of correction filed an application for a temporary injunction to allow force-feeding of the petitioner both intravenously and via a nasogastric tube. On January 23, 2008, the temporary injunction was granted. Thereafter, a trial to the court was held on the merits of a permanent injunction to allow force-feeding of the petitioner. The petitioner filed a series of special defenses in the permanent injunction action, including a claim that his force-feeding constitutes cruel and unusual punishment in violation of the eighth amendment to the United States constitution. On March 9, 2010, a permanent injunction

was granted. The petitioner appealed, and the trial court's decision was affirmed by our Supreme Court. See *Commissioner of Correction* v. *Coleman*, 303 Conn. 800, 844, 38 A.3d 84 (2012).

On December 30, 2010, the petitioner filed the present petition for a writ of habeas corpus, a request for appointment of counsel and an application for waiver of fees. His petition alleges that certain conditions of his confinement are "abusive" and constitute "torture." On March 1, 2011, the habeas court, sua sponte, summarily dismissed the petition pursuant to Practice Book § 23-29 (2). Thereafter, the court granted the petitioner certification to appeal. The petitioner also filed an application for waiver of fees, costs and expenses and for appointment of counsel on appeal. The court initially appointed counsel for the petitioner, but subsequently vacated that order. This appeal followed. Additional facts will be set forth as necessary.

I

The petitioner first claims that the court erred when it dismissed his petition for a writ of habeas corpus without conducting a hearing. Specifically, he argues that such dismissal was an abuse of discretion and contends that his petition "clearly outlined and state[d] his claim," including a "constitutional claim which should have been heard by the trial court on the merits." The petitioner argues that dismissal of his petition prejudicially impacts him because he "continues to be at risk from both the potential for similar conduct by the [department of correction] and actual cruel and unusual punishment at certain times." (Internal quotation marks omitted.)

"The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing

court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Stephen S. v. Commissioner of Correction*, 134 Conn. App. 801, 808, 40 A.3d 796, cert. denied, 304 Conn. 932, 43 A.3d 660 (2012).

The petitioner's petition for a writ of habeas corpus was dismissed summarily by the habeas court pursuant to Practice Book § 23-29, which provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ." In reviewing whether a petition states a claim for habeas relief, we accept its allegations as true. See *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 180, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996).

The petition recites the following allegations: "1. I am isolated in a suicide cell 2. I am not suicidal 3. Lights on 16-24 hours per day 4. Denial of hygiene 5. Force fed 6. Restrained (though compliant) 7. Denied access to legal work 8. Restricted legal contacts 9. Maximum punitive restrictions."[1] Additionally, the petition alleges that the medical and mental health treatment programs provided are "abusive," "torture" and "self-serving." The petition also recites a series of legal conclusions, stating: "1. Violates World Human Rights and Civil Liberty Laws 2. Violates the laws of the World Criminal

---

[1] Although these allegations are recited in paragraph 7b of the standard form habeas petition, as opposed to paragraph 7f, which provides for factual allegations, we recognize that our construction of a self-represented party's pleading should not focus on technical defects, but should afford the petitioner a broad, realistic construction of the pleading under review. See *Mourning* v. *Commissioner of Correction*, 120 Conn. App. 612, 624–25, 992 A.2d 1169, cert. denied, 297 Conn. 919, 996 A.2d 1192 (2010).

Courts 3. Violates the WMA and AMA Codes of Conduct (outlawed) 4. Violates US Constitution 5. Violates CT Constitution." The petitioner seeks through his petition "to be free of further abuse and torture."

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment . . . .

"A prisoner seeking habeas relief on the basis of his conditions of confinement, which includes the medical care made available to him, bears the burden of establishing both aspects of his claim. First, the alleged deprivation of adequate conditions must be objectively, sufficiently serious . . . such that the petitioner was denied the minimal civilized measure of life's necessities . . . . Second, the official involved must have had a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." (Citations omitted; internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction*, 95 Conn. App. 1, 6–8, 894 A.2d 1048 (2006), rev'd on other grounds, 288 Conn. 326, 952 A.2d 764 (2008).

"The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action." (Internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 86 Conn. App. 42, 49, 859 A.2d 948 (2004). Accordingly, in reviewing whether a pleading states a cause of action, although we accept all well pleaded facts as true, we need not "admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 694, 748 A.2d 834 (2000).

Here, however, rather than allege material facts in the context of one or more causes of action, the petition contains only conclusory statements and opinions, such as "[d]enial of hygiene," "[r]estrained (though compliant)," "abuse," and "torture." "To obtain relief through a habeas petition, the petitioner must plead *facts* that, if proven, establish that the petitioner is entitled to relief." (Emphasis added.) *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 136–37, 7 A.3d 911 (2010). Practice Book § 10-1, entitled "Fact Pleading," makes this pleading requirement clear: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. . . ." "Further, if the plaintiff allege[s] separate and distinct causes of action, [he] should . . . [assert] them in separate counts pursuant to Practice Book § 10-26. The burden is on a plaintiff to plead his case clearly and not to expect the court or his opposing counsel to have to wade through a poorly drafted complaint to glean from it the plaintiff's theories of relief." *Fort Trumbull Conservancy, LLC* v. *Alves*, 286 Conn. 264, 277 n.13, 943 A.2d 420 (2008). Even under our permissive reading of the petition, we cannot conclude, absent speculation, that the petitioner has plausibly alleged in one or more counts his entitlement to habeas relief.[2]

Our case law has recognized "only one situation in which a court is not legally required to hear a habeas petition [before dismissing the petition]." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of*

[2] This conclusion comports with the modern view in federal prisoners' rights litigation. Compare *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' ") with *Haines* v. *Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

*Correction,* 93 Conn. App. 719, 725, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006). Specifically, "[i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Internal quotation marks omitted.) Id., 726. Although "[b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims"; *Mercer* v. *Commissioner of Correction,* 230 Conn. 88, 93, 644 A.2d 340 (1994); practical considerations suggest that a habeas court is not "legally required" to hear a habeas petition that itself is legally infirm. Simply stated, the petition in the present matter fails to state a cause of action; thus, functionally the petition is devoid of any legally cognizable claim that would entitle the petitioner to a hearing. See Practice Book § 23-29 (2). Accordingly, it was not improper for the court to summarily dismiss the present petition without a hearing.[3]

## II

The petitioner next claims that the court erred when it failed to appoint counsel on his behalf, both before the habeas court and on appeal. Specifically, the petitioner contends that a habeas petition "in a medical '[c]onditions of [c]onfinement' case can be very complex . . . ." Thus, the petitioner argues that the habeas court abused its discretion when it failed to appoint counsel "because it did not consider the complexity of [the] petition as is evidenced by the lack of a hearing." The petitioner contends that he "is not an attorney and

[3] Additionally, we note the discretion our rules of practice afford the habeas courts to decline issuance of the writ for a petition that is frivolous on its face; Practice Book § 23-24; and to dismiss petitions "at any time, upon [the habeas court's] own motion . . . ." Practice Book § 23-29.

cannot defend himself against the representation of the state, [which has] unlimited resources and experience. Therefore, the prejudice against him is insurmountable if he is not appointed counsel, putting him at an unfair disadvantage." (Citation omitted.) We disagree.

"The principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness. . . . The writ has been described as a unique and extraordinary legal remedy." (Citations omitted; internal quotation marks omitted.) *Joyce* v. *Commissioner of Correction*, 129 Conn. App. 37, 39, 19 A.3d 204 (2011). "[A]lthough there is no constitutional right to counsel in habeas proceedings, General Statutes § 51-296 . . . creates a statutory right to counsel . . . for an indigent defendant . . . *in any habeas corpus proceeding arising from a criminal matter* . . . ." (Emphasis in original; internal quotation marks omitted.) *Morgan* v. *Commissioner of Correction*, 87 Conn. App. 126, 132, 866 A.2d 649 (2005); see also Practice Book § 44-1. Nonetheless, it is clear that "not every habeas proceeding arises from a criminal matter. The writ of habeas corpus . . . does not focus solely upon a direct attack on the underlying judgment or upon release from confinement. See, e.g., *Gaines* v. *Manson*, 194 Conn. 510, 481 A.2d 1084 (1984) (undue appellate delay); *Arey* v. *Warden*, 187 Conn. 324, 445 A.2d 916 (1982) (conditions of confinement); *Roque* v. *Warden*, 181 Conn. 85, 434 A.2d 348 (1980) (first amendment issues); *Negron* v. *Warden*, 180 Conn. 153, 429 A.2d 841 (1980) (state's extradition practice); *Doe* v. *Doe*, 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes)." (Internal quotation marks omitted.) *Sinchak* v. *Commissioner of Correction*, 126 Conn. App. 684, 688, 14 A.3d 343 (2011).

The petitioner himself notes that his present petition challenges his conditions of confinement. Although he

acknowledges that he filed a direct appeal and a prior habeas petition, his petition specifically alleges that those prior actions are unrelated to the present petition. The present petition does not challenge the underlying judgment of conviction and does not focus upon release from confinement. Accordingly, we determine that the allegations of the present petition, although raised by an individual incarcerated subject to a criminal conviction, do not arise from a criminal matter. Therefore, we conclude that the petitioner was not entitled to counsel under the terms of § 51-296.

The petitioner, however, contends that the court abused its discretion in failing to appoint counsel pursuant to Practice Book § 44-2. Section 44-2 provides: "In any other situation in which a defendant is unable to obtain counsel by reason of indigency, and is constitutionally or statutorily entitled to the assistance of counsel, such defendant may request the judicial authority to appoint a public defender in accordance with Section 44-1." Having determined that, under the circumstances of this case, the petitioner was not constitutionally or statutorily entitled to counsel, we further determine that the court did not err in denying the petitioner's request for appointment of counsel. Moreover, we are not persuaded by the petitioner's argument that the court failed to consider the complexity of his petition prior to dismissal. As noted previously, the petition was devoid of any legally cognizable claim—let alone a claim so complex that the court's denial of appointment of counsel would somehow constitute an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.