******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

LUIS ARIEL RIVERA *v.* COMMISSIONER
OF CORRECTION
(AC 38837)

Alvord, Moll and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, in 2009 of the
crime of manslaughter in the first degree in violation of statute (§ 53a-
55), sought a writ of habeas corpus, alleging that the application to him
of a 2015 amendment to the earned risk reduction credit statute (§ 18-
98e) violated the constitutional prohibition against ex post facto laws
and resulted in discrimination. In 2011, the legislature enacted legisla-
tion, later codified in § 18-98e, that permitted certain classes of inmates,
who were not expressly disqualified, to earn credits toward a reduction
of their sentences at the discretion of the Commissioner of Correction,
who also was conferred with the discretion to revoke the credits for
good cause. Pursuant to the 2011 legislation, the petitioner became
eligible to earn risk reduction credit. The 2015 amendment expanded
the list of persons ineligible to earn risk reduction credit, including
persons who had been sentenced for violating § 53a-55, and, as a result,
the petitioner was no longer eligible to earn risk reduction credit toward
the reduction of his sentence. The habeas court, sua sponte, dismissed
the habeas petition on the ground that it lacked subject matter jurisdic-
tion. Thereafter, the habeas court granted the petition for certification
to appeal, and the petitioner appealed to this court. Subsequently, in
accordance with this court's order, the habeas court issued an articula-
tion of its decision. *Held*:

1. The habeas court properly dismissed the habeas petition on the ground
   that it lacked subject matter jurisdiction over the petitioner's ex post
   facto claim; the petitioner did not have a constitutionally protected
   liberty interest in earning future risk reduction credit and there was no
   colorable basis for his ex post facto claim, as the 2015 amendment
   simply returned the petitioner to the position that he was in at the time
   he committed the subject offense, the petitioner's interest in earned
   risk reduction credit, as alleged, was not assured by § 18-98e, which
   confers broad discretion on the commissioner to award such credits,
   and, therefore, the petitioner failed to allege a cognizable liberty interest
   sufficient to implicate the subject matter jurisdiction of the habeas court
   over his ex post facto claim.

2. This court having concluded that the habeas court lacked subject matter
   jurisdiction over the petitioner's claims, it was not necessary to address
   his remaining claim that the habeas court's articulation constituted an
   improper and untimely modification of its judgment.

Argued September 13—officially released December 11, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland and
tried to the court, *Oliver, J.*; judgment dismissing the
petition, from which the petitioner, on the granting of
certification, appealed to this court; thereafter, the
court, *Oliver, J.*, issued an articulation of its deci-
sion. *Affirmed.*

*Temmy Ann Miller*, assigned counsel, for the appel-
lant (petitioner).

*Steven R. Strom*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellee (respondent).

*Opinion*

MOLL, J. The petitioner, Luis Ariel Rivera, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of jurisdiction pursuant to Practice Book § 23-29 (1).[1] On appeal, the petitioner claims that (1) the habeas court's articulation constitutes an improper modification of its original judgment and must be stricken from the record, and (2) the habeas court improperly dismissed his petition for lack of jurisdiction. We conclude that the habeas court lacked jurisdiction over the petition and, accordingly, affirm the judgment.

The following procedural and statutory background is relevant to this appeal. In 2007, the petitioner was arrested and charged with manslaughter in the first degree in violation of General Statutes § 53a-55.[2] In 2009, the petitioner pleaded guilty to that charge and was sentenced to twenty years of incarceration, execution suspended after fifteen years, followed by five years of probation. As a result of his conviction, the petitioner remains in the custody of the respondent, the Commissioner of Correction.

In 2011, while the petitioner was incarcerated, the General Assembly enacted No. 11-51, § 22, of the 2011 Public Acts (P.A. 11-51), later codified in General Statutes § 18-98e (original legislation).[3] The original legislation provided that certain classes of prisoners, which included the petitioner, convicted of crimes committed on or after October 1, 1994, "may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction" for certain positive, statutorily described conduct. P.A. 11-51, § 22. The original legislation also conferred on the respondent the discretion to revoke earned (and even unearned) risk reduction credits for good cause. P.A. 11-51, § 22.[4] Because a sentence for a violation of § 53a-55 was not disqualifying at the time, the original legislation rendered the petitioner eligible to earn risk reduction credit toward the advancement of his end of sentence date. In 2015, the General Assembly passed No. 15-216, § 9, of the 2015 Public Acts (P.A. 15-216), which amended § 18-98e to expand the list of persons ineligible to earn risk reduction credit toward the reduction of their sentences, including persons who have been sentenced for violating § 53a-55,[5] the offense of which the petitioner had been convicted. Consequently, once the amendment became effective on October 1, 2015, the petitioner was no longer eligible to earn risk reduction credit toward the reduction of his sentence. See P.A. 15-216, § 9.

On December 11, 2015, the petitioner, representing himself, filed his petition alleging that the application

of P.A. 15-216 resulted in "[d]iscrimination" and "the violation of ex post facto."[6] He alleged that, as of October 1, 2015, he became ineligible to earn risk reduction credit toward the reduction of his sentence, even though he had been earning such credit since the original legislation went into effect.[7] The petitioner does not claim that he has been deprived of risk reduction credit already earned. On December 21, 2015, the habeas court dismissed the petition, sua sponte, pursuant to Practice Book § 23-29 (1), for lack of jurisdiction "over the claims set forth in the petition concerning the change in the [p]etitioner's eligibility date for parole consideration." The court did not hold a hearing prior to dismissing the petition.

On December 31, 2015, the petitioner filed a petition for certification to appeal, contending that his petition was dismissed based on a ground not raised therein. On January 4, 2016, the habeas court granted the petition for certification to appeal. On January 11, 2016, the petitioner filed a request for the appointment of counsel and an application for waiver of fees, costs, and expenses. On January 13, 2016, the habeas court granted his request for appointment of counsel and application for waiver. This appeal followed.

On May 31, 2016, the petitioner filed a motion for articulation, stating that "[t]he need for an articulation motion arises from the fact that the dismissal refers to a parole eligibility claim, and the claim raised is not such a claim. Articulation is needed because it is not clear how the perceived lack of jurisdiction over a 'change in the petitioner's eligibility date for parole consideration' pertains to the dismissal of a claim unrelated to parole eligibility." On July 12, 2016, the habeas court denied the motion for articulation. On July 19, 2016, the petitioner filed with this court a motion for review of the denial of his motion for articulation. On September 21, 2016, this court granted in part the petitioner's motion for review and ordered the habeas court "to articulate the legal basis for the court's determination that it lacks jurisdiction over the claims set forth in the petition concerning the change in the petitioner's eligibility for parole consideration."

On January 17, 2017, in accordance with this court's order, the habeas court issued an articulation. The habeas court concluded that the application of P.A. 15-216 to the petitioner does not violate the ex post facto clause because it does not increase his term of confinement. The habeas court also concluded that the prospective opportunity to earn risk reduction credit pursuant to § 18-98e, as amended by P.A. 15-216, does not implicate a liberty interest upon which the petitioner may predicate habeas relief because the legislative amendment has at its foundation discretionary language authorizing, but not requiring, the respondent to grant such credit to qualifying inmates.

I

We first address the petitioner's claim that the habeas court improperly dismissed his petition for lack of jurisdiction.[8] The petitioner argues that, pursuant to the proper jurisdictional analysis, the allegations in his petition are sufficient to invoke the jurisdiction of the habeas court. Additionally, the petitioner argues that a liberty interest in future unearned risk reduction credit is not required to establish jurisdiction over his discrimination[9] and ex post facto claims. The respondent argues, to the contrary, that the habeas court properly dismissed the petition for lack of subject matter jurisdiction because the petitioner lacks a cognizable liberty interest in earning future risk reduction credit, and there is no colorable basis for an ex post facto claim. We agree with the respondent.

To begin, we set forth the relevant standard of review and legal principles that govern the petitioner's claim on appeal. "[A] determination regarding a trial court's subject matter jurisdiction is a question of law and, therefore, we employ the plenary standard of review and decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 731, 125 A.3d 1053 (2015), cert. dismissed, 324 Conn. 912, 153 A.3d 1288 (2017). "[T]o invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty." (Internal quotation marks omitted.) *Joyce* v. *Commissioner of Correction*, 129 Conn. App. 37, 41, 19 A.3d 204 (2011); see also *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 368, 163 A.3d 597 (2017) (to invoke habeas court's jurisdiction, petitioner must allege interest sufficient to give rise to habeas relief). "In order . . . to qualify as a constitutionally protected liberty . . . the interest must be one that is *assured* either by statute, judicial decree, or regulation." (Emphasis in original; internal quotation marks omitted.) *Vitale* v. *Commissioner of Correction*, 178 Conn. App. 844, 867–68, 178 A.3d 418 (2017), cert. denied, 328 Conn. 923, 181 A.3d 566 (2018).

As this court previously has explained, "[o]ur appellate courts have concluded, consistently, that an inmate does not have a constitutionally protected liberty interest in certain benefits—such as good time credits, risk reduction credits, and early parole consideration—if the statutory scheme pursuant to which the commissioner is authorized to award those benefits is discretionary in nature." *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 86–87, A.3d (2018); see *Holliday* v. *Commissioner of Correction*, 184 Conn. App. 228, 235, A.3d (2018) (habeas court properly dismissed for lack of subject matter jurisdiction ex post facto claim based on 2013 statutory

change regarding application of earned risk reduction credit toward parole eligibility); see also *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 370–73 (no liberty interest in early parole eligibility or risk reduction credit); *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 733–34 (affirming judgment of habeas court based on lack of jurisdiction over ex post facto claim asserted in absence of allegation that 2013 statutory change regarding parole eligibility extended length of incarceration or delayed parole eligibility beyond time periods that existed at time of offense); *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 182–83, 682 A.2d 558 (petitioner failed to state cognizable ex post facto claim based on prospective denial of discretionary, statutory good time credits), cert. denied, 239 Conn. 937, 684 A.2d 707 (1996).

In the present case, the statutory scheme that created the opportunity to earn risk reduction credit did not exist at the time of the petitioner's offense. It was not until 2011, upon the passage of the original legislation, that the petitioner became eligible to earn risk reduction credit toward the reduction of his sentence pursuant to § 18-98e. Although the petitioner was no longer eligible to earn risk reduction credit after the passage of P.A. 15-216, the 2015 amendments did not increase the petitioner's overall sentence. Rather, the 2015 amendments simply returned the petitioner to the position that he was in at the time of his offense. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 378–80 (ex post facto inquiry requires comparison of challenged statute with statute in effect at time of offense).

Furthermore, during the period in which the petitioner was eligible to earn risk reduction credit pursuant to § 18-98e, such credit could be awarded only at the discretion of the respondent. See P.A. 11-51, § 22 ("any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date . . . may be eligible to earn risk reduction credit toward a reduction of such person's sentence . . . at the discretion of the Commissioner of Correction"); General Statutes (Rev. to 2013) § 18-98e (same). That is, the interest in earning risk reduction credit, as alleged by the petitioner, was not *assured* by § 18-98e at any time. Accordingly, the petitioner has not alleged a constitutionally protected liberty interest that would give rise to habeas relief. We conclude, therefore, that the habeas court lacked subject matter jurisdiction over the petitioner's ex post facto claim, and the petition was properly dismissed. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 369 ("if the habeas court reached the correct decision, but on mistaken grounds, this court will sustain the habeas court's action if proper grounds exist to support it").

II

We next turn to the petitioner's claim that the habeas court's articulation improperly modified its original judgment and must be stricken from the record. The petitioner contends that, rather than issuing a proper articulation, the habeas court improperly offered an entirely new legal basis for its original judgment of dismissal. The petitioner argues further that the habeas court issued its modified decision more than four months after the original judgment in violation of General Statutes § 52-212a. Because we conclude, in part I of this opinion, that the habeas court lacked subject matter jurisdiction over the petitioner's claims regarding his eligibility to earn risk reduction credit pursuant to § 18-98e, we need not address the petitioner's remaining contention that the habeas court's articulation constitutes an improper and untimely modification of the original judgment of dismissal. See id.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction . . . ."

[2] General Statutes § 53a-55 provides: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.

"(b) Manslaughter in the first degree is a class B felony."

[3] Number 11-51 of the 2011 Public Acts, § 22, provides in relevant part: "(a) Notwithstanding any provision of the general statutes, any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date, except a person sentenced for a violation of section 53a-54a, 53a-54b, 53a-54c, 53a-54d, 53a-70a or 53a-100aa, may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction for conduct as provided in subsection (b) of this section occurring on or after April 1, 2006.

"(b) An inmate may earn risk reduction credit for adherence to the inmate's offender accountability plan, for participation in eligible programs and activities, and for good conduct and obedience to institutional rules as designated by the commissioner, provided (1) good conduct and obedience to institutional rules alone shall not entitle an inmate to such credit, and (2) the commissioner or the commissioner's designee may, in his or her discretion, cause the loss of all or any portion of such earned risk reduction credit for any act of misconduct or insubordination or refusal to conform to recommended programs or activities or institutional rules occurring at any time during the service of the sentence or for other good cause. If an inmate has not earned sufficient risk reduction credit at the time the commissioner or the commissioner's designee orders the loss of all or a portion of earned credit, such loss shall be deducted from any credit earned by such inmate in the future."

[4] At the time of the original legislation, and again in 2013, the General Assembly amended the parole eligibility provisions set forth in General

Statutes § 54-125a. Public Acts 2011, No. 11-51, § 25; Public Acts 2013, No. 13-3, § 59. The 2011 and 2013 amendments to § 54-125a are not at issue in this appeal.

[5] After the passage of P.A. 15-216, § 9, General Statutes § 18-98e provided in relevant part that "any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date, except a person sentenced for a violation of section 53a-54a, 53a-54b, 53a-54c, 53a-54d, *53a-55*, *53a-55a*, 53a-70a, *53a-70c* or 53a-100aa, *or is a persistent dangerous felony offender or persistent dangerous sexual offender pursuant to section 53a-40*, may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction . . . ." (Emphasis added.)

[6] See U.S. Const., art. I, § 10.

[7] The petitioner filed his petition using a state supplied form. In his petition, the petitioner stated in relevant part: "6. This petition claims that my incarceration/sentence is illegal because . . .

"6d. Other (be specific): *Due to Public Act 15-216, as of Oct[ober] 1, 2015, I am ineligible to earn [risk reduction earned credit] toward the reduction of my sentence, which I have been getting since pass[ed] into law. Going back to 5/1/09.*

"6e. State all facts and details regarding your claim: *Discrimination. The effect of a law or established practice that confers privileges on a certain class. And the violation of ex post facto. Done or made after the fact having retroactive force of effect. . . .*

"I am asking the court to . . .

"5. Other (specify) *Judge order correction the restart on my [risk reduction earned credit] from Oct[ober] 1, 2015, and retroactively until the present day of the order. That correction see that they are in violation of ex post facto. And discrimination.*" (Emphasis added.)

[8] Because our resolution of this claim is dispositive of the petitioner's appeal, we address this claim first.

[9] Neither the petition nor the petitioner's principal brief in this court elaborates on the nature of his claim that the application of P.A. 15-216 results in discrimination. The petitioner specifies for the first time in his reply brief that his claim sounds in equal protection but goes no further. Construing the petition in a manner most favorable to the petitioner, we conclude that he failed to allege sufficient facts to invoke the jurisdiction of the habeas court over his discrimination claim.