******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BRYAN JORDAN *v.* COMMISSIONER
OF CORRECTION
(AC 41750)

Keller, Elgo and Harper, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of manslaughter in
the first degree with a firearm and carrying a pistol or revolver without
a permit, sought a writ of habeas corpus, claiming that the respondent,
the Commissioner of Correction, by having the petitioner sign an
offender accountability plan, had entered into, and subsequently
breached, a purported contract to award him risk reduction credit in
exchange for his adherence to his offender accountability plan. The
habeas court, sua sponte, rendered judgment dismissing the habeas
petition for lack of subject matter jurisdiction and failure to state a
claim on which habeas relief could be granted, from which the petitioner,
on the granting of certification, appealed to this court. *Held* that the
habeas court properly dismissed the petitioner's breach of contract
claim for lack of subject matter jurisdiction: both this court and our
Supreme Court have consistently held that an inmate does not have a
cognizable liberty interest in earning future risk reduction credit, and
the petitioner's claim that he had a contractual interest in earning risk
reduction credit by virtue of his offender accountability plan with the
respondent that was sufficient to invoke the habeas court's subject
matter jurisdiction was unavailing, as certain case law on which the
petitioner relied in support of his claim holding that a prosecutor has
an obligation to honor a plea agreement was distinguishable from the
present case, which did not involve the plea bargaining process, and
because the petitioner has not been segregated from the general prison
population, there was no concern that he has not been afforded due
process in avoiding segregation and his claim, thus, did not give rise
to a cognizable liberty interest; moreover, there was no merit to the
petitioner's claim that if he had not signed the offender accountability
plan he would not be subject to the same punishment, as it would defy
logic that the respondent would be unable to discipline an inmate for
disobedience in the absence of an offender accountability plan.

Argued February 5—officially released June 11, 2019

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland, where the court, *Hon. Edward J. Mullarkey*,
judge trial referee, sua sponte, rendered judgment dis-
missing the petition for lack of subject matter jurisdic-
tion, from which the petitioner, on the granting of
certification, appealed to this court. *Affirmed.*

*Arthur L. Ledford*, special public defender, for the
appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, former attorney
general, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Bryan Jordan, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction and for the failure to state a claim upon which habeas relief can be granted. The petitioner's sole claim on appeal is that the habeas court improperly dismissed his claim that the respondent, the Commissioner of Correction, entered into, and subsequently breached, a purported contract with the petitioner to award him risk reduction credit in exchange for his adherence to his offender accountability plan. We disagree and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the resolution of this appeal. The petitioner was found guilty, following a jury trial, of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a). The charges stemmed from a shooting death that occurred on September 19, 2005. See *State* v. *Jordan*, 117 Conn. App. 160, 161, 978 A.2d 150, cert. denied, 294 Conn. 904, 982 A.2d 648 (2009). On April 27, 2007, the petitioner was sentenced to a total effective sentence of forty-five years of incarceration.[1] The petitioner's conviction was upheld on direct appeal by this court. See id.

Thereafter, the then self-represented petitioner initiated this action by filing a petition for a writ of habeas corpus. On November 6, 2017, the petitioner, after obtaining counsel, filed the operative amended petition alleging, inter alia, breach of contract. Specifically, the petitioner's breach of contract claim alleges that the respondent, by virtue of having the petitioner sign his offender accountability plan, agreed to award the petitioner five days of risk reduction credit per month in exchange for the petitioner's adherence to the offender accountability plan. Further, he alleges that, once No. 15-216 of the 2015 Public Acts (P.A. 15-216) came into effect, which rendered the petitioner unable to earn further risk reduction credit, the respondent nonetheless breached the parties' agreement by failing to award further risk reduction credit.

On March 19, 2018, the court, sua sponte, dismissed the amended petition for lack of subject matter jurisdiction and failure to state a claim on which habeas relief could be granted.[2] See Practice Book § 23-29.[3] The court in its memorandum of decision did not address each of the petitioner's counts but, instead, broadly concluded that the court did not have subject matter jurisdiction over the petitioner's claims and that the petitioner had failed to state a claim on which habeas relief could be granted. The court subsequently granted the petition

for certification to appeal, which was timely filed in this court. Additional facts will be set forth as necessary.

We begin our analysis with the applicable standards of review and relevant legal principles. "Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal.

"With respect to the habeas court's jurisdiction, [t]he scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. . . . In other words, a petitioner must allege an interest sufficient to give rise to habeas relief. . . . In order to . . . qualify as a constitutionally protected liberty [interest] . . . the interest must be one that is assured either by statute, judicial decree, or regulation." (Citations omitted; internal quotation marks omitted.) *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 85, 194 A.3d 857, cert. denied, 330 Conn. 933, 195 A.3d 383 (2018).

"Likewise, [w]hether a habeas court properly dismissed a petition pursuant to Practice Book § 23-29 (2), on the ground that it fails to state a claim upon which habeas corpus relief can be granted, presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Perez* v. *Commissioner of Correction*, 326 Conn 357, 368, 163 A.3d 597 (2017). "It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action." (Internal quotation marks omitted.) *Pentland* v. *Commissioner of Correction*, 176 Conn. App. 779, 786, 169 A.3d 851, cert. denied, 327 Conn. 978, 174 A.3d 800 (2017). "In reviewing whether a petitioner states a claim for habeas relief, we accept its allegations as true." *Coleman* v. *Commissioner of Correction*, 137 Conn. App. 51, 55, 46 A.3d 1050 (2012). We next turn to a brief discussion of the relevant law pertaining to risk reduction credit.

Pursuant to General Statutes (Rev. to 2011) § 18-98e, the respondent had discretion to award risk reduction credit to reduce an inmate's sentence, up to five days per month, for good conduct. Section 18-98e subse-

quently was amended, however, by P.A. 15-216, such that inmates convicted of certain violent crimes, including manslaughter in the first degree with a firearm, are no longer eligible to earn future risk reduction credit.[4] Both our Supreme Court and this court have consistently held that an inmate does not have a cognizable liberty interest in earning future risk reduction credit. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 370–73; *Rivera* v. *Commissioner of Correction*, 186 Conn. App. 506, 514, 200 A.3d 701 (2018), cert. denied, 331 Conn. 901, 201 A.3d 402 (2019) (collecting cases). With these legal principles in mind, we now turn to the petitioner's claim.

The petitioner argues that his claim that the respondent breached a contract by failing to award him risk reduction credit in exchange for adherence to his offender accountability plan implicates a cognizable liberty interest sufficient to invoke the court's subject matter jurisdiction. The petitioner does not dispute our well established jurisprudence that there is no liberty interest in risk reduction credit. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 370–73. Rather, the petitioner essentially argues that he has a contractual interest in earning risk reduction credit by virtue of his alleged agreement with the respondent to adhere to his offender accountability plan in exchange for risk reduction credit.[5] To bolster this claim, the petitioner argues that, pursuant to *Santobello* v. *New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), his breach of contract claim is sufficient to invoke the court's subject matter jurisdiction. We do not find *Santobello* to be applicable in the present case.[6]

In *Santobello*, the defendant agreed to plead guilty to a lesser offense if the prosecutor agreed not to make a recommendation as to the length of the defendant's sentence. Id., 258. At the time of the defendant's sentencing, a different prosecutor, who was unaware of the plea agreement, recommended the maximum sentence, which the court imposed, in violation of the agreement. Id., 259. The court held that a *prosecutor* has an obligation to honor a plea agreement with a criminal defendant. Id., 262. Central to the court's holding was the importance of plea bargaining to our judicial system and the need to ensure fairness during that phase of the judicial process. Id. ("[t]his [plea bargaining] phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances").

By contrast, in the present case, the alleged agreement between the petitioner and the respondent did not take place during the plea bargaining process, but, rather, after the petitioner had been convicted and was incarcerated. Thus, the concerns regarding fairness during the plea bargaining process are not present here

as they were in *Santobello*. Moreover, our reading and application of *Santobello* in the present case is consistent with our prior holding in *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 84, in which this court addressed a petitioner's claim that he entered into a binding contract with the respondent that allegedly conferred on him a contractual right to earn risk reduction credit. This court rejected the petitioner's assertion in that case that the respondent, pursuant to *Santobello*, was required to honor the purported contract because it found that the habeas action "present[ed] a completely different procedural posture" than the plea bargaining process. Id., 89 n.7. Additionally, this court concluded that, even if the petitioner properly had alleged a breach of contract claim against the respondent,[7] a breach of contract claim did not invoke the habeas court's subject matter jurisdiction because "the petitioner, at best, has a contractual interest in such [credit] rather than a constitutionally protected liberty interest." Id., 91.

The petitioner, citing to *Vandever* v. *Commissioner of Correction*, 315 Conn. 231, 106 A.3d 266 (2014), also argues that his claim raises a valid liberty interest because, if he does not comply with his offender accountability plan, he can potentially receive a disciplinary ticket and, as a result, may be segregated from the general inmate population. In *Vandever*, our Supreme Court recognized that "prison inmates have a protected liberty interest in avoiding certain conditions of confinement if, pursuant to state statute or regulation, they can be subjected to such conditions only if certain procedural requirements are met, and those conditions impose an atypical and significant hardship in relation to the ordinary incidents of prison life." Id., 232–33. The court therefore examined whether the petitioner in that case had a liberty interest in avoiding administrative segregation and was accordingly afforded due process before his segregation. Id., 233.

In the present case, the petitioner has not been segregated from the general prison population and, as a result, there is no concern that he has not been afforded due process in avoiding segregation. We also find dubious the petitioner's assertion in his appellate brief that, if he had not signed the offender accountability plan, he would not be subject to the same punishment. It defies logic that the respondent would be unable to discipline an inmate for disobedience in the absence of an offender accountability plan. Accordingly, because the petitioner's claim in the present case does not give rise to a cognizable liberty interest,[8] we conclude that the habeas court properly dismissed the petitioner's breach of contract claim for lack of subject matter jurisdiction.[9]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Specifically, the petitioner was sentenced to forty years of incarceration for manslaughter with a firearm in the first degree and five years of incarceration for carrying a pistol without a permit, to be served consecutively.

[2] In a separate proceeding on a different petition for a writ of habeas corpus alleging ineffective assistance of counsel, the habeas court vacated the petitioner's manslaughter conviction and remanded the case to the trial court for a new trial, after which the respondent filed an appeal to this court. See *Jordan* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-15-4007011-S (October 1, 2018). This court has yet to rule on that matter.

[3] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion . . . dismiss the [habeas] petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction; [or] (2) the petition, or count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ."

[4] General Statutes (Supp. 2016) 18-98e (a) provides in relevant part: "Notwithstanding any provision of the general statutes, any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date, *except a person sentenced for a violation of . . .* [§] *53a-55a . . .* may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction for conduct as provided in subsection (b) of this section occurring on or after April 1, 2006." (Emphasis added.)

We also note that an additional amendment was made to § 18-98e pursuant to No. 18-155 of the 2018 Public Acts, but it is of no consequence to the matters raised in this appeal.

[5] A review of the petitioner's offender accountability plan reveals that it is a document which recommends and sets forth the expectation that an inmate should participate in various programs, services, and activities while incarcerated. The plan states that the failure to comply with the offender accountability plan "shall negatively impact your earning of [r]isk [r]eduction [e]arned [c]redit . . . ." Furthermore, the document states above the signature line that the inmate has reviewed the recommendations made in the plan and that he or she is expected to enroll in the recommended programs.

[6] The petitioner cites to *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 937 A.2d 656 (2007), for the proposition that our Supreme Court has recognized that habeas courts have subject matter jurisdiction over *Santobello* claims. Because *Santobello* is not applicable in the present case, however, *Orcutt* is inapposite.

[7] The petitioner in *Green* failed to identify in his operative habeas petition the contract between him and the respondent that was allegedly breached. *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 90. It was not until his appeal to this court that the petitioner in that case alleged that his offender accountability plan was a binding contract between him and the respondent. Id., 91.

[8] Moreover, in his appellate brief, the petitioner makes a conclusory statement that his case is analogous to *Anthony A.* v. *Commissioner of Correction*, 326 Conn. 668, 166 A.3d 614 (2017), because he will suffer negative consequences as a disciplinary problem if he does not adhere to his offender accountability plan. Our Supreme Court in *Anthony A.*, however, specifically addressed the stigmatizing effect of being classified as a sex offender. Id., 681. The petitioner in his appellate brief fails to elaborate on why being classified as a disciplinary problem is akin to being classified as a sex offender. Accordingly, we reject his claim as inadequately briefed. "Claims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." (Internal quotation marks omitted.) *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016).

[9] Even if the court had subject matter jurisdiction over the petitioner's claim, it still properly dismissed the petitioner's petition for its failure to state a claim on which habeas relief can be granted because there was no contract formed between the petitioner and respondent. Nowhere in the offender accountability plan is there a promise made by the respondent that, in exchange for adherence to the plan, the petitioner would receive a certain amount of risk reduction credit per month. Accordingly, a contract was not formed between the parties because there was no bargained for

exchange. "[C]onsideration is [t]hat which is bargained-for by the promisor and given in exchange for the promise by the promisee . . . . Consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." (Internal quotation marks omitted.) *Willamette Management Associates, Inc.* v. *Palczynski*, 134 Conn. App. 58, 70, 38 A.3d 1212 (2012).

We also note, as this court did in *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 91–92, that, given the discretion that the legislature has bestowed on the respondent to issue or revoke risk reduction credit pursuant to § 18-98e, it is doubtful that the respondent has the statutory authority to enter into a contract with an inmate by which it subsequently bargains away its discretion to award risk reduction credit. "Such action would contravene the plain language of the statute and frustrate the legislature's clear intent that the [risk reduction credit] program be discretionary in nature." Id.

Further, even if, arguendo, a valid contract was formed, the legislature has stripped the respondent of the authority to award future risk reduction credit to the petitioner, thus rendering the respondent's performance under the contract legally impossible. "Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the nonoccurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary." (Internal quotation marks omitted.) *West Haven Sound Development Corp.* v. *West Haven*, 201 Conn. 305, 313, 514 A.2d 734 (1986) (quoting 2 Restatement [Second], Contracts § 261 [1981]).

———————————————————